| | |
|---|---|
| 1 | GILL SPERLEIN (CSN: 172887) |
| 2 | 121Capp Street, Suite 200 |
|   | San Francisco, California  94110 |
| 3 | Telephone: (415)487-1211 X32 |
|   | Facsimile: (415) 252-7747 |
| 4 | legal@titanmedia.com |
| 5 | |
|   | Attorney for Plaintiff |
| 6 | IO GROUP, INC. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| IO GROUP, INC., a California corporation, | CASE NO.: _____ |
| Plaintiff, | COMPLAINT: |
| vs. | (1) COPYRIGHT INFRINGEMENT; |
|   | (2) FALSE DESIGNATION OF ORIGIN |
| JEFFERY RYAN, an individual, | (3) STATUTORY UNFAIR COMPETITION; |
| Defendants. | (4) CALIFORNIA COMMON LAW UNFAIR COMPETITION; |
|   | (5) STATUTORY UNAUTHORIZED COMMERCIAL USE OF A PHOTOGRAPH; |
|   | (6) CALIFORNIA COMMON LAW MISAPPROPRIATION OF THE RIGHT OF PUBLICITY;  AND |
|   | (7) AN ACCOUNTING |
|   | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. This is an action by Io Group, Inc. a California corporation, dba Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its

-1- COMPLAINT

photographic images by Defendant Jeffery Ryan and to enjoin Defendant from further infringement. Defendant has copied, published and distributed, through several Internet websites, certain Titan Media-owned creative works.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 121 Capp Street, Suite 200, San Francisco, California 94110. Titan Media produces markets and distributes adult entertainment products, including Internet website content, DVDs, videotapes, calendars, photographs and other materials.

3. Defendant Jeffery Ryan is an individual residing in the State of Ohio and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

## JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. The Court has personal jurisdiction over Defendant. On information and belief, Defendant solicits, transacts, and is doing business within the State of California; has committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and

is regularly doing or soliciting business or engaging in a persistent course of conduct in the State. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

### INTRADISTRICT ASSIGNMENT

8. Pursuant to United States District Court, Northern District of California Civil Local Rule 3-12 this case should be assigned to Judge Ronald J. Whyte in the San Jose division for the reasons outlined in the accompanying Notice of Related Case.

### VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1392 and 1400(a).

### FACTS COMMON TO ALL CLAIMS

#### Plaintiff Titan Media Owns Federally Registered Copyrights of Various Photographs

10. Plaintiff Titan Media produces and distributes erotica, audiovisual works and adult-oriented content in photographic, VHS, DVD and other formats.  Plaintiff uses promotional photographs to assist in the marketing of its audiovisual works.  Additionally, Plaintiff maintains a website by and through which high-resolution versions of such promotional photographs and other content can be viewed by individuals who pay a monthly subscription fee.

11. Plaintiff designs, develops and produces audiovisual works and still photography that is among the highest quality in the adult industry.

12. Plaintiff has won numerous awards for it's high quality work, beginning with an award for Best Gay Video in its first year in existence (1995) through this year (2002) when Plaintiff received awards for Best Gay DVD and Best Gay Video.  Plaintiff has received awards for Best Cinematography, Best Videography, Best Art Direction, and Best Editing.  Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

13. Plaintiff produced, wholly owns and holds copyright to the following audiovisual works and all associated photographic and graphic materials: Chapters (PA 984-694), Eruption (PA990-739 and PA 1-080-262), Fallen Angel (PA 871-486 and PA 1-077-965), Fallen Angel II (PA 984-676 and PA 1-077-969), Fallen Angel III (PA 992-996), Fallen Angel IV (PA 1-065- 767), Island Guardian (PA 984-693 and PA 1-077-968), Naked Escape (PA 871-481 and PA 1-080-259), Swell (PA 765-056 and PA 1-086-864), Titan Express (PA 1-041-382 and PA 1-080-258), and Tourist Trade (PA 860-304).

14. True and correct copies of the Certificates of Registration for the above-referenced audiovisual works are attached hereto as Exhibit A.

15. Plaintiff has a general compensation rate of $2,500 per image as specified in its standard Notice of Terms agreement which is posted on its website.

16. All actors and models appearing in Plaintiff's works have assigned to Plaintiff their rights of publicity with regard to their performances in Plaintiff's works.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

17. On information and belief Defendant Ryan owns and operates the websites www.gaycle.com, www.gaycleveland.net, wizofmen.com, and zenwizard-land.com.

18. Through a routine inspection of Usegroups and Internet sites, an employee of Plaintiff discovered a number of Titan Media copyrighted images on the Usegroups: alt.binaries.pictures.erotica.male and alt.binaries.pictures.erotica.gaymen.   Further review discovered at least ninety of Plaintiff's works posted in such manner.

19. Usegroups are part of a giant public bulletin board system on the Internet for news and electronic mail.  Users post messages, news articles, digital photographs and video clips.  Other users can then respond to messages, and view or download articles, photographs or video clips.

There are various types of Usenet groups including comp (about computers), news (about newsgroups), rec (on sports and hobbies), sci (science), soc (social), talk (discussions), misc (miscellaneous), and alt (alternative newsgroups).

20. On information and belief, Defendant affixed www.wizofmen.com and gayclevland.net marks onto Plaintiff's copyright protected works and posted the manipulated works on Usenet groups in order to direct Internet users to websites he owned and operated.

21. Users directed to Defendant's aforementioned sites could view additional Plaintiff-owned images after purchasing an identification number from one of several third party adult verification systems.

22. On information and belief, Defendant received various commissions and incentives from the third party adult verification systems.

23. On information and belief, Defendant received additional revenue through the websites in the form of advertising fees and commissions on sales of goods.

24. At various times Defendant made available for viewing at least twenty-six Plaintiff-owned images.

### FIRST CAUSE OF ACTION

**(Copyright Infringement – 17 U.S.C. §501 )**

25. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24, inclusive.

26. Plaintiff is the sole owner of the photographs and audiovisual works at issue and of all corresponding copyrights and Certificates of Registration.

27. Defendant infringed Plaintiff's copyrights by copying, publishing and distributing Plaintiff's creative works on various Usegroups and on the websites www.gaycle.com, www.gaycleveland.net, wizofmen.com, and zenwizard-land.com without approval or authorization from Plaintiff.

28. Defendant's conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

29. As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

30. In addition, because Defendant's infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

31. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and resulting damage to Plaintiff is continuing.

32. In addition, Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (False Designation of Origin, False Description and False Representation

33. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

34. Defendant's wrongful conduct includes affixing his mark on Plaintiff's works, thereby willfully attempting to confuse the public as to the origin of the works and creating the misleading and incorrect impression that he produced the works rather than Plaintiff.

35. Alternatively, Defendant willfully calculated his actions to create the misleading and incorrect impression that Plaintiff sponsored or approved of his websites and/or the goods and services offered therein.

36. Defendant's use, advertising, marketing, offering, or distribution of falsely labeled material constitutes (a) false designation of origin, (b) false description and (c) false representation that the works either belonged to Defendant or were sponsored by Plaintiff, all in violation of the Lanham Trademark Act, set forth at 15 U.S.C. §1125(a).

37. As a result of Defendant's use, marketing, offering, and distribution of Plaintiff's works with misleading and incorrect designation of origin, Plaintiff has suffered and will continue to suffer damage and losses, including but not limited to, irreparable injury to its business reputation and goodwill. Plaintiff is entitled to injunctive relief and to an order compelling the impounding of all falsely labeled works being used, offered, marketed, or distributed by Defendant. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a)

Plaintiff's works are unique and valuable property which have no readily-determinable market value, (b) Defendant's use, marketing, or distribution of incorrectly designated works constitutes harm to Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Plaintiff is continuing.

## THIRD CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq.)**

38. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. The acts and conduct of Defendant, as alleged above in this Complaint constitute unfair competition as defined by California Business & Professions Code § 17200 et seq.

40. The acts and conduct of Defendant, are likely to cause confusion and mistake among customers, end users, and the public as to the origin or association of Defendant's infringing Titan Media photographs and audiovisual works.  The acts and conduct of Defendant are likely to lead the public to conclude incorrectly that Defendant produced or own the infringing photographs and audiovisual works.  Alternatively, the acts and conduct of Defendant are likely to lead the public to conclude incorrectly, that the posting and selling of the infringing photographs and audiovisual works are sponsored or authorized by Plaintiff.  Moreover, the acts and conduct of Defendant render Plaintiff's photographic and audiovisual works readily available to the public in an easily downloadable format, thereby enabling further distribution and further harm to Plaintiff.

41. As a result, Defendant should be required to disgorge any profit or gain as a result of said wrongful activity.

## FORTH CAUSE OF ACTION

**(California Common Law Unfair Competition)**

42. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41, inclusive.

43. The acts and conduct of Defendant, as alleged above in this Complaint constitute unfair competition pursuant to the common law of California.

44. Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant in an amount unknown at the present time.

## FIFTH CAUSE OF ACTION

**(Unauthorized Commercial Use of a Photograph – Cal. Civ. Code § 3344)**

45. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

46. Plaintiff's copyrighted works embody images of actors who executed written agreements with Plaintiff under which Plaintiff became the exclusive proprietor of the actors' rights of publicity of the their images as embodied in Plaintiff's works.

47. Plaintiff has at all times exclusively administered all rights of publicity in respect of those images from within San Francisco, California.

48. Defendant has infringed the rights of publicity owned and controlled by Plaintiff by reproducing the persona of the actors appearing in the subject works for commercial gain without Plaintiff's consent.

49. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

50. Defendant acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights.  Further, Defendant performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights.  Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant in an amount unknown at the present time.

51. Defendant's conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish Defendant and to make an example of him to others as provided for in Cal. Civ. Code § 3344(a).

52. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to Cal. Civ. Code § 3344(a).

## SIXTH CAUSE OF ACTION

**(California Common Law Misappropriation of the Right of Publicity)**

53. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. The acts and conduct of Defendant as alleged above in this Complaint constitute a misappropriation of the Right of Publicity pursuant to the common law of California.

55. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant in an amount unknown at the present time.

## SEVENTH CAUSE OF ACTION

**(Accounting)**

56. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to the acts of infringement herein described.

58. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

59. The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of the precise number of subscribers to Defendant's website, the number of "hits" to the website and various pages therein and the value of various advertising revenues and incentives.

60. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendants.

**JURY DEMAND**

61. Plaintiff hereby demands a jury trial in this case.

**PRAYER**

WHEREFORE, Plaintiff Titan Media respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendant that he has:

    a. willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

    b. committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation as described in 15 U.S.C. § 1125(a) to the harm of Plaintiff;

    c.   engaged in unfair competition in violation of California common law and California Bus. & Prof. Code § 17200 et. seq. ;

    d.   willfully violated Plaintiff's rights of publicity in violation of California common law and California Civ. Code § 3344; and

    e.   otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials protected by Plaintiff Titan Media's registered copyrights;

(3) That the Court enter an order of impoundment pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under their control;

(4) That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's illegal activities;

(5) That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages as follows:

    a.   Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights;

b.  Plaintiff's damages and Defendant's profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344; and

c.  Plaintiff's damages and Defendant's profits pursuant to California common law and disgorgement pursuant to California Bus. & Prof. Code § 17200 et seq.

(6) That the Court order Defendant to pay punitive damages pursuant to Cal. Civ. Code § 3344.

(7) That the Court order Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504, California Bus. & Prof. Code § 17200 et. seq., and Cal. Civ. Code § 3344(a).

(8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: *October 23, 2002*

Respectfully submitted,

*/s/ D. Gill Sperlein*

GILL SPERLEIN,
Attorney for Plaintiff